**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**CURTIS MORGAN** **PLAINTIFF/COUNTER-DEFENDANT**

**v.** **Case No. 4:25-cv-00484-KGB**

**M.K. DISTRIBUTORS, INC.** **DEFENDANT/COUNTER-PLAINTIFF**

**ORDER**

Plaintiff/counter-defendant Curtis Morgan filed his complaint in this matter on May 15, 2025 (Dkt. No. 1). On August 13, 2025, defendant/counter-plaintiff M.K. Distributors, Inc. ("MK") filed an answer to the complaint and counterclaim (Dkt. No. 3). Before the Court is MK's motion for entry of default and default judgment against Morgan on MK's counterclaim ("motion for default judgment") (Dkt. No. 5). On September 11, 2025, Morgan filed an answer to MK's counterclaim (Dkt. No. 7), and on September 18, 2025, MK filed a motion to strike Morgan's answer to verified counterclaim (Dkt. No. 8). On September 21, 2025, Morgan filed a response to MK's motion for default judgment (Dkt. No. 10), and on October 1, 2025, Morgan filed a response to MK's motion to strike (Dkt. No. 12). For the following reasons, the Court denies MK's motion for default judgment and motion to strike (Dkt. Nos. 5; 8).

**I. Background**

Morgan brings a civil rights action against MK pursuant to 42 U.S.C. § 1981 to recover damages for alleged unlawful discriminatory employment practices against Morgan because of his race (Dkt. No. 1, at 1). Morgan also seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 as well as equitable and injunctive relief (*Id.*).

MK distributes beer, wine, alcohol, and non-alcoholic beverages to retail businesses throughout the state of Arkansas (*Id.*, at 1–2). Morgan claims that he began his employment with

MK in May 2025 and worked his way up to being the supervisor of the delivery drivers (Dkt. No. 11, at 1-2). Morgan asserts that he was the only African American supervisor for MK and that all of the others were Caucasian (*Id.*, at 2). According to Morgan, part of his job was to report early in the morning, make sure that the trucks were properly loaded, and pull loads or products that had not been pulled the night before when the trucks were supposed to be loaded (*Id.*). Morgan points out that MK had in recent years moved from drivers utilizing paper invoices to using iPads when making deliveries, and he believes this had caused problems (*Id.*). According to Morgan, salespeople would come to the warehouse without invoices and would get product without properly accounting for it (*Id.*). Morgan asserts that, during the time he worked for MK, the inventory controls were loose and allowed for unaccounted for products (*Id.*, at 3). Morgan states that he complained about this at weekly meetings with management officials (*Id.*)

According to his complaint, on May 17, 2022, Morgan was called to a meeting and was accused of running a theft ring with Martese Walker, who was the alleged ring-leader (*Id.*). Morgan refused to sign a paper admitting to being guilty of theft (*Id.*, at 4). MK terminated Morgan's employment the same day (*Id.*).

In its counterclaim filed August 13, 2025, MK asserts a breach of contract claim against Morgan for violating a noncompetition clause in a Protectable Business Interest Agreement Morgan allegedly entered into with MK (Dkt. No. 3, ¶¶ 11–20). MK also asserts claims against Morgan for set-off or recoupment, tortious interference with contractual and business relationships, breach of fiduciary duty and duty of loyalty, unjust enrichment, and civil conspiracy (*Id.*, ¶¶ 21–24).

Morgan filed an answer to the counterclaim on September 11, 2025, one day after MK filed its motion for default judgment (Dkt. No. 7). MK responded by filing a motion to strike Morgan's

answer to MK's counterclaim (Dkt. No. 8). Morgan filed a timely response to both MK's motion for default judgment (Dkt. No. 10) and MK's motion to strike (Dkt. No. 12)

**II. Motion For Default Judgment**

Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process for the entry of default judgments. *Caterpillar Fin. Servs. Corp. v. Fast Energy Servs. LLC*, Case No. 1:17-cv-192, 2018 WL 3277549, at *1 (D.N.D. Jan. 25, 2018). First, pursuant to Rule 55(a), the party seeking a default judgment must have the clerk of court enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. *Id.* Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the Rule. *Id.* Entry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b). *Id.*

A "default" occurs when a defendant fails to answer or respond to a complaint or counterclaim, and an "entry of default" is what the clerk of the court enters when it is established that a defendant is in default. *Denton v. Conveyor Tech. & Components, Inc.*, Case No. 4:12-cv-191-KGB, 2013 WL 2422679 (E.D. Ark. June 1, 2013); *Roberts v. Kevmar Capital Corp.*, Case No. 4:11-cv-00681-BRW, 2012 WL 1193133 (E.D. Ark. April 10, 2012). The entry of default is a procedural step in obtaining a default judgment; it is not determinative of any rights. *Id.* Pursuant to Federal Rule of Civil Procedure 8(b)(6), "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." The entry of a default judgment is committed to the sound discretion of the district court. *F.T.C. v. Packers Brand Meats, Inc.,* 562 F.2d 9, 10 (8th Cir. 1977).

To consider a motion for default under Rule 55(a), the Clerk of the Court requires an affidavit or affirmation setting forth proof of service, including the date thereof; a statement that

no responsive pleading has been received within the time limit set by the Federal Rules of Civil Procedure or as fixed by the Court; and a statement that the defendant against whom default is sought is not in military service, as required by 50 U.S.C. § 3931. MK's motion for default judgment did not attach an affidavit or declaration including the required information for entry of default (*see* Dkt. No. 5).

Here, MK has also moved for the Court to deem the facts in the counterclaim admitted and for the Court to enter judgment by default in accordance with Federal Rule of Civil Procedure 55(b)(2) (Dkt. No. 5, ¶ 6, at 11). In other words, MK's motion is one for entry of default by the Clerk of Court and for entry of default judgment by this Court.

The Court looks for guidance to cases examining motions to set aside entries of default. Here, there has not been an entry of default by the Clerk. Instead, the Court is examining MK's motion and Morgan's response even before the entry of default. In other words, the circumstances are not the same, but the Court still considers the guidance provided by these cases.

Although a motion to set aside an entry of default typically involves consideration of the same factors as a motion to set aside default judgment pursuant to Federal Rule of Civil Procedure 60(b), relief from a mere default entry does not require as strong of a showing as excuse from a default judgment. *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998). There is a distinction because "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Id.* at 784. The judicial preference is to adjudicate claims on the merits. *Oberstar v. F.D.I.C.,* 987 F.2d 494, 504 (8th Cir. 1993).

"Traditionally, in deciding issues of this kind, our court and others have looked at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused."

*Johnson,* 140 F.3d at 783. Essentially, the court must determine whether good cause exists to set aside default and allow the defendant to proceed on the merits. *See* Fed. R. Civ. P. 60(b), 55(c).

The delay caused by Morgan's failure to file a timely answer to the counterclaim will not affect the progression of this matter. Additionally, Morgan's counsel has provided an explanation for the late filing. Morgan's counsel states that he was out of the country when MK filed its answer and when he glanced at the filing in his email upon his return, he did not realize that the answer also contained a counterclaim because, in his experience, defendants do not typically bring counterclaims against plaintiffs bringing claims of discrimination (Dkt. No. 11, at 5).

Counsel for Morgan states that he believes that his answer was due on September 4, 2025. Counsel states that he was in trial September 3-5, 2025, and spent several days prior to that preparing for trial (*Id.*). According to counsel, when he saw that MK had filed a motion for default judgment on September 10, 2025, he prepared and filed an answer on September 11, 2025 (*Id.*). Morgan also responded promptly to MK's motion for default judgment in an attempt to rectify the matter (Dkt. No. 10).

Finally, Morgan offers that he has a meritorious defense to the counterclaim that was known to MK when Morgan filed his complaint (Dkt. No. 11, at 6–7). Morgan asserts that the claims in the counterclaim arise out of MK's allegations that Morgan was selling MK's products and was involved in a theft ring, claims that Morgan vigorously disputes in his complaint (*Id.*). Morgan points out that in paragraph 34 of his complaint, Morgan vehemently denied stealing MK's products, and in paragraphs 35–36 of his complaint Morgan alleges that MK attempted to coerce him into admitting that he stole MK's products, but he refused to admit to steeling MK's products (*Id.*). According to Morgan, the allegations in MK's counterclaim were addressed by Morgan in his complaint (*Id.*, at 7). The Court recognizes that Morgan has defenses to MK's counterclaim and should be resolved on the merits, which is the Court's preference.

Given all of the facts and circumstances of this matter, the Court determines that Morgan's delay in responding to MK's counterclaim was the result of excusable neglect. Therefore, the Court denies MK's motion for default judgment (Dkt. No. 5).

**III. Motion To Strike**

Also before the Court is MK's motion to strike Morgan's answer to verified counterclaim (Dkt. No. 8). Morgan filed a timely response to the motion to strike (Dkt. No. 12). Because the Court has denied MK's motion for default judgment, the Court denies as moot MK's motion to strike Morgan's response to MK's verified counterclaim (Dkt. No. 8).

**IV. Conclusion**

For the reasons set forth herein, the Court denies MK's motion for default judgment and denies as moot MK's motion to strike Morgan's response to MK's counterclaim (Dkt. Nos. 5; 8).

So ordered this the 31st day of August, 2026.

Kristine G. Baker

Kristine G. Baker
Chief United States District Judge